UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL MASCETTA and ANGELA
MASCETTA,

                              Petitioners,

                   -against-

UNITED STATES DEPARTMENT OF
TREASURY; INTERNAL REVENUE
SERVICE (IRS); and UNITED STATES
ATTORNEY'S OFFICE FOR THE
SOUTHERN DISTRICT OF NEW YORK,

                              Respondents.

20-CV-4810 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Petitioners Paul and Angela Mascetta, who are husband and wife proceeding *pro se*,

styled this action as a petition for a writ of *error coram nobis* under 28 U.S.C. § 1651,[1] seeking

declaratory and injunctive relief in Mr. Mascetta's closed criminal case in this Court. *See United

States v. Mascetta*, No. 99-CV-0698 (S.D.N.Y. Dec. 12, 1999). The Court construed the

submission as a new civil action and directed Petitioners to pay the filing fees or submit

applications to proceed *in forma pauperis*. Petitioners paid the filing fees.

For the reasons set forth below, the Court construes the submission as asserting a claim

under 28 U.S.C. § 1346(a)(1) and grants Petitioners leave to file an amended complaint against

the United States of America. The Court also dismisses the Respondents under the doctrine of

sovereign immunity.

---

[1] "Coram nobis is essentially a remedy of last resort for petitioners who are no longer in
custody pursuant to a criminal conviction" but wish to challenge their conviction. *Fleming v.
United States*, 146 F.3d 88, 89–90 (2d Cir. 1998).

## BACKGROUND

This action concerns the withholding of Petitioners' 2019 tax refund by the Internal Revenue Service (IRS). Petitioners name as Respondents the IRS, the United States Department of the Treasury (DOT), and the United States Attorney's Office for the Southern District of New York (USAO).

The following facts are taken from Petitioners' submission and this Court's records from Mr. Mascetta's criminal case. In 1999, Mr. Mascetta was convicted of conspiracy to commit securities fraud, and as part of his sentence, he was ordered to pay restitution. *Mascetta*, No. 99-CV-0698, ECF No. 7; (*see* ECF No. 1, at 4). A restitution installment plan required him to pay $100 monthly during the term of his supervised release; Mr. Mascetta alleges he complied with that installment plan. (ECF No. 1, at 4.) Mr. Mascetta's criminal court records show that the last restitution payment was received by the Court on February 22, 2007. *See Mascetta*, No. 99-CV-0698.

In a letter dated March 11, 2020, the IRS notified Petitioners that their 2019 joint tax refund in the amount of $3,061 would be "withheld and forwarded" to the USAO. (ECF No. 1, at 4.)

Petitioners now challenge the IRS's decision, arguing that the IRS lacks jurisdiction to withhold their tax refund and apply it to outstanding restitution payments because a 20-year limitation period to collect restitution payments has expired.

## DISCUSSION

Sovereign immunity dictates that the United States cannot be sued without its consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, "[w]hen an action is brought against the United States government," waiver of "sovereign immunity is necessary for subject

matter jurisdiction to exist." *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991). The

sovereign immunity doctrine extends to federal agencies. *See Robinson v. Overseas Military*

*Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). As the IRS, DOT, and USAO are federal agencies

and the United States has not consented to their being sued in this action, the Court dismisses

these entities under the doctrine of sovereign immunity.

Where the Government has consented to be sued is in an action brought under 28 U.S.C.

§ 1346(a):

> The district courts shall have original jurisdiction . . . of [ ] [a]ny civil action
> against the United States for the recovery of any internal-revenue tax alleged to
> have been erroneously or illegally assessed or collected, or any penalty claimed to
> have been collected without authority or any sum alleged to have been excessive
> or in any manner wrongfully collected under the internal-revenue laws[.][2]

Under that statute, "Congress has broadly consented to suits against the United States in the

district courts for the refund of any federal taxes 'alleged to have been erroneously or illegally

assessed or collected, . . . or any sum alleged to have been excessive or in any manner

wrongfully collected under the internal-revenue laws.'" *United States v. Forma*, 42 F.3d 759, 763

(2d Cir. 1994) (quoting § 1346(a)(1)).

"[W]hile the United States has provided for suits against the Government to recover taxes

alleged to have been overpaid or wrongfully assessed and collected, it has also developed a series

of procedural hurdles that taxpayers must surmount in order to maintain such suits." *Id*. Under 26

U.S.C. § 7422(a):

> [n]o suit or proceeding shall be maintained in any court for the recovery of any
> internal revenue tax alleged to have been erroneously or illegally assessed or

---

[2] Since 1887, a taxpayer could sue the United States in district court under the Tucker
Act, "which allowed suit[s] against the United States for claims less than $10,000 'founded upon
. . . any law of Congress,' . . . includ[ing] suits to obtain refund of income taxes." *Flora v. United
States*, 357 U.S. 63, 70 (1958) (quoting *United States v. Emery, Bird, Thayer Realty Co.*, 237
U.S. 28, 35 (1915)). Section 1346(a) was first enacted as part of the Revenue Act of 1921. *Id.*

collected . . . until a claim for refund or credit has been duly filed with the [Treasury] Secretary.

Thus, a taxpayer who believes that his federal taxes have been erroneously or illegally assessed or collected must first file an administrative claim with the IRS before bringing suit. *See id.*; 26 C.F.R. § 601.103(c)(3) (discussing filing an administrative claim for a tax refund). The administrative claim must be filed within three years from the time the relevant tax return was filed or two years from the time the tax was paid, whichever period expires later.[3] *See* 26 U.S.C. § 6511(a).

Six months after the administrative claim filing date, a claimant can bring suit unless the IRS issues a decision on the claim within those six months. *See* 26 U.S.C. § 6532(a)(1). If a decision is issued on the claim, and the claim has been denied in whole or in part, then the claimant must file her lawsuit within two years from the date of the mailing of the decision. *See id*.

The proper defendant for the lawsuit is the United States of America. *See* 26 U.S.C. § 7422(f)(1).

Here, Petitioners do not state any facts suggesting that they filed an administrative claim with the IRS. The Court therefore grants Petitioners leave to file an amended complaint against the United States of America to allege facts regarding the exhaustion of their administrative claim with the IRS.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioners and note service on the docket.

---

[3] Although not relevant here, a claimant must pay the assessed tax before bringing suit. *See Flora v. United States*, 362 U.S. 145, 177 (1960).

Petitioners are granted leave to file an amended complaint that complies with the standards set forth above. Petitioners must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4810 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Petitioners fail to comply within the time allowed and cannot show good cause to excuse such failure, the action will be dismissed under 28 U.S.C. § 1346(a)(1).

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated:    November 5, 2020
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
    ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
             (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                              State                    Zip Code

_____
Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State            Zip Code

Defendant 2:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State            Zip Code

Defendant 3:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State            Zip Code

Defendant 4:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.